### Case of BERRY.

[Cited in U. S. v. Woods, Case No. 16,760. Nowhere reported; opinion not now accessible.],

## Case No. 1,353.

### Ex parte BERRY.

[3 App. Com'r Pat. 295.]

Circuit Court, District of Columbia. April 2, 1860.

PATENTS FOR INVENTIONS—NOVELTY—SEWING MACHINES—ANTI-FRICTION SURFACES FOR THREAD.

[Where the use of jewels or their equivalents for anti-friction surfaces in thread winding machines was known to the prior art, a combination of jewels or their equivalents with the needle and bed-plate of a sewing machine, for the purpose of preventing the wearing of the thread, is not patentable.]

Appeal from the commissioner of patents.

[Application by Robert M. Berry for letters patent for an improvement in sewing machines. The commissioner of patents denied the application. The applicant appeals. Affirmed.]

MORSELL, Circuit Judge. In his specification he says: "What I claim is the anti-friction surface, b & c, together with the thread, a, when arranged to work in combination with the eye pointed needle, d, bedplate, e, whereby the thread, a, is better preserved when being used for sewing by machinery as set forth." The commissioner adopts for his opinion the report of the examiners, dated 25th of January, 1860, which is in these words: "As first presented the claim in this case was to the insertion of jewels or their equivalents within the apertures through which the thread passes · in sewing machines. The office, pointing to a thread winding machine and to one for trebling single strands of thread, in which the device occurs, refused to allow the claim on the ground that there was nothing patentable in the special application of it to sewing machines. Recognizing the validity of this view of the case on the part of the office upon the data adduced by it, applicant cancelled his specification and claim and filed new ones. The office, however, refused to allow the new claim in view of the same references, and as we think correctly, for although, upon its face, it is seemingly modified and restricted to a combination of parts,

it is really, as before, a broad claim to the use of such a device in sewing machines, as will be apparent when we state that the several parts with which it is associated are common to nearly all sewing machines. Considered thus, the conclusion reached by the examiner, as it seems to us, is inevitable, that the claim involves nothing more than a double use because the object sought to be accomplished by the employment of the device, in both the reference is identical with the object of applicant, to wit: to diminish the abrasion of the thread which metallic surfaces offer or produce. We recommend accordingly the final refusal of a patent. Adopted by the commissioner and patent refused on the 27 of January, 1860." To this decision Berry filed his reason of appeal: "That the reason given by the office as the ground of rejection is 'a double use,' whereas the claim is for a combination, and unless the combination be old, which the office has failed to show, there can be no double use, which will be shown at the proper time."

The commissioner in his report, in reply to the reasons of appeal, in substance says: "The appellant contends in the reasons of appeal, that, inasmuch as the claim is for a combination, the double use is improperly alleged by the office. The claim now insisted upon is for the combination of the anti-friction surfaces with a sewing machine, although its verbiage is limited to a recital of details. Now the whole object of the invention is to prevent the wear, by the friction of the thread, of those parts of the machine over which it is constantly moving whilst the machine is in operation, and this is the precise object of the same device in the patents upon which the claim is rejected. Nor can it for a moment be regarded as a new invention, to apply to a sewing machine thread guide, the very thread guide used in the references to prevent friction and augment durability. The delicate journals of the watch are jewelled, and certainly it would not be for a moment regarded as patentable to apply the same device for the same purpose to the journals of a musical instrument or the mariner's compass. A combination claim, to be valid, must involve a legitimate combination in each member to the general invention covered by the entire combination. Now what combination can possibly be found to conform to this fundamental requirement in any other parts of the machine of the appellant than the thread and the jewelled guide? And it is manifest that this identical combination exists precisely in the references, and also effects in all three machines the same result, and the same result only. Now where a result is produced by the same means in different machines, and when the same means and result contribute nothing more to one machine than the other, the office has known no other proper treatment of a claim formed in either than to regard them as a double use, &c."

This appears to be the state of the case presented from the papers and documents laid before me by the commissioner on the day and place appointed for the hearing said case, at which time, also, the appellant appeared by his attorney, and having filed his argument, submitted the said case for consideration. The views as expressed in the opinion and report of the commissioner in answer to the reasons of appeal, I think, are able and just, and but little, if anything, remains for me to add. The appellant relies principally upon what he claims as a combination of the needle, the bed and the jewel, and supposes he is sustained by the authorities referred to by him. I have examined them with care, but have failed to discover their applicability to this case. Without stating them in detail, it may be generally said that the question in some of them is: Where a patent is for a new combination for existing machinery or machines, and patentee claims for the combination only, in a suit for a violation of his patent right, he can only recover for a violation of all the parts, not for one part only; and in others where different parts brought together form a whole materially different from any before, and the valuable new given end is attained, and other cases in which the question decided was to the proper construction of the terms used in the specifications. I cannot perceive how the principles of those decisions can support the appellant's claim: the thing to be maintained is an anti-friction surface by substituting a jewel for glass which is equally capable of doing the same thing. According to the rule of law the combination cannot be considered a legitimate one, the constituent parts of which should be a co-active, not a dead, part, such as the bedplate must be considered. In the case of Barrett v. Hall [Case No. 1,047] it is said by the judge: "The connection of a thousand dead parts in one machine having but one single operation can never be considered a combination."

Then with respect to the jewel, though it may be in one respect superior to glass, cannot per se be considered a sufficient improvement—the only thing new would be the substitution of a different metal (material) from that heretofore used in connection with the arrangements; the improvement or novelty would consist in the superiority of the material. But that difference is formal and destitute of ingenuity or invention, as decided by the supreme court in the case of Hotchkiss v. Greenwood, 11 How. [52 U. S.] 264.

The case, then, before me is nothing more, according to the principles of patent law, than the double use of an old contrivance with no new effect or result, and not patentable.

The decision of the commissioner is therefore hereby affirmed.